IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOSEPH JOHN ANTHONY, | ) | CIV. NO. 14-00323 DKW/RLP |
|---|---|---|
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## **ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Before the court is pro se petitioner Joseph John Anthony's petition for writ of habeas corpus. The court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases, and dismisses the Petition without prejudice. Anthony is granted leave to file an amended petition on or before August 29, 2014. Failure to comply with the court's instructions and to timely file an amended petition will result in **DISMISSAL** of this action.

### **I. BACKGROUND**

Anthony gives no information concerning the criminal proceeding, conviction, or sentence he challenges. Publicly available state court records show that Anthony is confined at the Oahu Community Correctional Center ("OCCC"),

pursuant to a grand jury indictment that was issued on June 24, 2014, for an alleged violation of Hawaii Revised Statutes § 708-0803.  *See* Hawai'i State Judiciary's Public Access to Court Information, available at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm; *Hawaii v. Anthony*, Cr. No. 1PC14-1-001030, Doc. No. 3.  The state court appointed the Hawaii Office of the Public Defender to represent Anthony on July 17, 2014, nine days after he signed the present Petition.  *Id.*, Doc. No. 7.

## II.  DISCUSSION

First, parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  An action may only proceed without prepayment of the filing fee if the party is granted leave to proceed in forma pauperis.  28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Anthony is DIRECTED to submit the $5.00 civil filing fee for commencing this action or to seek leave to proceed in forma pauperis.

Second, to avoid confusion and assist petitioners proceeding pro se, the court requires that all prisoners seeking a writ of habeas corpus use the court's approved petition for writ of habeas corpus form.  *See* Local Rules for the District of Hawaii LR99.7.10.  Anthony is DIRECTED to file an amended petition on a court-approved habeas corpus form.

Third, a petitioner seeking a writ of habeas corpus must name the state officer having custody of him as respondent to the petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The correct respondent is normally the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Anthony is DIRECTED to name the official with the ability to release him from custody as Respondent on the amended petition.

Fourth, Anthony does not specify the grounds he asserts for relief, or relate any facts supporting such grounds, or sign the Petition under penalty of perjury. *See* Rule 2(a) of the Rules Governing § 2254 Cases. Anthony is DIRECTED to sign the amended petition under penalty of perjury and set forth the grounds for relief and their supporting facts.

Finally, Anthony provides insufficient information for the court to determine its jurisdiction over his claims. It is unclear whether the Petition is brought pursuant to 28 U.S.C. § 2241, because Anthony is a pre-trial detainee challenging his ongoing state prosecution, or pursuant to 28 U.S.C. § 2254, because he is challenging an earlier conviction or sentence. The Petition may also

have been intended for the State of Hawaii courts. Anthony is DIRECTED to provide sufficient facts for the court to determine the jurisdictional basis for his claims when he files an amended petition.

### III. **NOTICES**

If Anthony is attempting to enjoin his ongoing state prosecution, he is notified that a federal court may not enjoin a state criminal proceeding unless "extraordinary circumstances" exist that warrant federal intervention. *Younger v. Harris*, 401 U.S. at 43–54; *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). The *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention continues to apply after conviction, while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

Moreover, a person in state custody must exhaust available state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. A petitioner must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (petitioner must reach point where he has no state remedies available to him at the time he files his federal habeas petition).

Anthony provides no information regarding the conviction or sentence he challenges. He gives no indication whether he has challenged and exhausted his claims in the state courts. If Anthony is challenging his ongoing state criminal

5

proceedings, his claims are likely barred by the *Younger* abstention doctrine or because they are otherwise unexhausted.

## IV.  CONCLUSION

The Petition is DISMISSED without prejudice.  Anthony is DIRECTED to file an amended petition on court forms.  He must name a proper respondent, assert his grounds for relief, detail the facts supporting those grounds, allege this court's jurisdiction, and sign the amended petition under penalty of perjury on or before August 29, 2014.

In the alternative, Anthony may voluntarily dismiss this action without prejudice in light of the court's discussion.  To do so, Anthony need only submit a letter to the Clerk of Court stating he would like to dismiss his petition without prejudice on or before August 29, 2014.


//


//

The Clerk of Court is DIRECTED to send Anthony a blank petition for writ of habeas corpus form and in forma pauperis application and instructions.

IT IS SO ORDERED.

DATED: July 30, 2014, at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Joseph John Anthony v. State of Hawaii, CIV. NO. 14-000323 DKW/RLP; ORDER DISMISSING PETITION WITH LEAVE TO AMEND

*Anthony v. Hawaii,* Civ. No. 14-323; HAB 2014 Anthony 14-323 (res forms exh. Younger); J:\Denise's Draft Orders\DKW\Anthony 14-323 (resp. forms exh. Younger).wpd